Hon. John Van Lindt Chairman Racing and Wagering Board
Your Director of Wagering Systems has asked whether a municipality, by local law, ordinance or resolution, may provide that licensed organizations within its territorial jurisdiction may conduct only the form of bingo known as "limited period bingo" and no other forms of such game.
While there is a general prohibition against gambling in this State, the People have approved, by ratification of Article I, section 9 of the Constitution, the conduct of certain games of chance, including the game of bingo, for the raising of funds for charitable and other quasi-public purposes. These games of chance, including bingo, may be authorized through the adoption of a local law or ordinance by the legislative body of a municipality, which becomes effective only if approved by a majority of the participating electors of the municipality (NY Const, Art I, § 9[2]; General Municipal Law, §§ 477, 478). In implementing the provision, the Legislature has directed (Executive Law, § 431) that the conduct of the game of bingo "should be closely controlled and that the laws and regulations pertaining thereto should be strictly construed and rigidly enforced".
General Municipal Law, § 476(3), provides that the term "bingo" shall mean "a specific game of chance * * * in which prizes are awarded on the basis of designated numbers or symbols on a card conforming to numbers or symbols selected at random". "Limited period bingo" is defined by section 476(10) of such law as "* * * the conduct of bingo by a licensed authorized organization, for a period of not more than seven of twelve consecutive days in any one year, at a festival, bazaar, carnival or similar function conducted by such licensed organization". The section further provides that "[n]o authorized organization licensed to conduct `limited period bingo' shall be otherwise eligible to conduct bingo * * * in the same year". Thus, unlike regular bingo, "limited period bingo" may not be conducted on a year-round basis.
In implementing the law, regulations of the Racing and Wagering Board provide rules for the licensing (9 NYCRR 5812.5) and duration (9 NYCRR 5812.7) of "limited period bingo" that are different from that established by these same provisions for regular bingo. No admission charge may be required for entrance to a "limited period bingo" session (9 NYCRR 5820.8) and the game must be played on specially designed and utilized cards (9 NYCRR 5820.45, 5820.46). Thus, the licensing and conduct of "limited period bingo" is closely controlled.
We note that in authorizing municipalities to enact local laws or ordinances permitting the conduct of the game of bingo, the Legislature has directed that nothing in the General Municipal Law setting forth the conditions under which the games may be played "shall be construed to prevent the inclusion within such local law or ordinance of other provisions imposing additional restrictions upon the conduct of such bingo games" (General Municipal Law, § 479).
An examination of relevant statutes and regulations has found no provisions either authorizing or forbidding a municipality from enacting a local law permitting only the conduct of "limited period bingo". It would appear, however, that the adoption of a local law, which would not permit the year-round conduct of regular bingo but would permit the once-a-year conduct of the limited period game, would be in accord with the provisions of section 479 of the General Municipal Law and would further the public policy set forth in the Constitution and statutes that gambling should be permitted only on a limited basis and then only under the most strictly regulated and controlled circumstances. Further, bingo may be authorized only by local option (General Municipal Law, §§477, 478). Unless so authorized locally, the conduct of bingo would constitute illegal gambling. An authorization of only "limited period bingo" seems consistent with this scheme to permit local determination of whether and the extent to which games of chance will be permitted within a municipality.
We conclude, therefore, that a municipality may enact a local law or ordinance authorizing qualified organizations to conduct "limited period bingo" without thereby authorizing the conduct of other forms of the game.